**F I L E D**

UNITED STATES COURT OF APPEALS

MAY 19 2000

FOR THE TENTH CIRCUIT

PAMELA HINES,

        Plaintiff-Appellant,

v.

CHRYSLER CORPORATION,

        Defendant-Appellee.

No. 99-1280
(D.C. No. 98-N-1462)
(D. Colo.)

## ORDER AND JUDGMENT  *

Before **TACHA** , **EBEL** , and **BRISCOE** , Circuit Judges.


    After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

    Plaintiff seeks review of an order of the district court granting summary

judgment in favor of defendant on plaintiff's employment discrimination claims.

---

*    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

She alleged defendant violated the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101-12213, by refusing to accommodate her disability and ultimately terminating her employment. She also asserted state law claims for promissory estoppel and bad faith breach of contract. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse and remand the matter for further proceedings.

"We review a district court's grant of summary judgment de novo, applying the same legal standard used by the district court pursuant to Federal Rule of Civil Procedure 56(c)." Deboard v. Sunshine Mining & Ref. Co. ,___ F.3d ___, Nos. 97-6226, 97-6249, 98-6020, 2000 WL 526928, at *8 (10th Cir. May 2, 2000). The parties have agreed that the only issue before us in this appeal is whether the district court erred in ruling that defendant was not obligated to reassign her to another position within the company as an attempt to accommodate her disability. In so doing, the court relied on our panel decision in Smith v Midland Brake, Inc. , 138 F.3d 1304, 1312 (10th Cir. 1998), rev'd & remanded , 180 F.3d 1154 (10th Cir. 1999) (en banc) ( Midland Brake I ), that

> [w]hen a plaintiff is not qualified, even with reasonable
> accommodation, for the job which he currently holds . . ., the
> employing entity has no obligation to consider reassigning
> him to another position. Under the current EEOC guidelines, the
> employer's obligation to consider reassignment arises only if the
> employer can accommodate the employee in his current position,
> but would experience undue hardship in doing so.

-2-

Our subsequent en banc decision modified the panel's holding. In the en banc opinion, we outlined the two questions before the court. We first asked whether an employee can be a qualified person with a disability if the person is unable to perform the essential functions of her present job, regardless of any accommodations, but could perform the essential functions of another available company job, with or without reasonable accommodations. Second, we questioned and subsequently defined the scope of the employer's obligation to offer to that qualified person with a disability a reassignment job. See Midland Brake, 180 F.3d at 1159 ( Midland Brake II ).

We recognized in Midland Brake II that the statutory definition of a qualified individual encompasses a disabled person who, with or without reasonable accommodation, can perform the essential functions of the position she currently holds "or desires." Midland Brake II , 180 F.3d at 1161. The inquiry is not limited to an employee's existing job, but "[r]ather the plain language of the statute [42 U.S.C. § 12111(8)] includes an employee who has the ability to do other jobs within the company that such disabled employee 'desires.'" Id. We further determined that "reassignment of an employee to a vacant position in a company is one of the range of reasonable accommodations which must be considered and, if appropriate, offered if the employee is unable to perform his or her existing job." Id. at 1167. Moreover, we twice emphasized

that the EEOC Interpretive Guidance specifically states that reassignment does not mean that an employee is permitted to merely compete for a vacant position, but rather that "the employee gets the position if s/he is qualified for it." Id. at 1166-67; 1170.

Here, of course, the district court concluded that defendant was not obligated to even consider transferring plaintiff to another position in the company and therefore did not consider the second part of Midland Brake II, the scope of an employer's reassignment duty. We address this issue briefly because defendant would have us uphold the district court's grant of summary judgment on the ground that it adequately fulfilled the requirements of Midland Brake II by notifying her of the procedures for transferring to other company facilities and of the collective bargaining procedures applicable to such transfers. Appellee's Br. at 13. Defendant also contends it was plaintiff's obligation to identify a vacant position to which she could have been transferred, but that plaintiff failed to do so. See id. at 8-9; 16-19. Finally, defendant contends that plaintiff did not ask her union representative to file a grievance regarding any failure to receive a transfer. See id. at 15-16.

In delineating the scope of the reassignment duty, we recognized that the interactive process between the employer and employee generally begins with notification to the employer of the employee's disability and limitations along

with the employee's desire for reassignment if no reasonable accommodation in the existing job is possible. See Midland Brake II , 180 F.3d at 1171-72. Thereafter, " both parties have an obligation to proceed in a reasonably interactive manner . . . ." Id. at 1172 (emphasis added).

We further recognized that "[t]he exact shape of this interactive process will necessarily vary from situation to situation and no rules of universal application can be articulated." Id. at 1173. By example, we specifically articulated that in "larger companies or companies where the employee does not have ready access to information regarding available jobs, it might be reasonable to require the employer to identify jobs . . ." appropriate for reassignment consideration. Id. Thus, as in Midland Brake II , "summary judgment would be premature if there is a genuine dispute regarding whether [defendant] participated in good faith in attempting to secure a reassignment position for [plaintiff] as part of its duty to offer a reasonable accommodation to [plaintiff]." Id. at 1174. "[A] failure to reassign a disabled employee most certainly can constitute discrimination, and therefore a basis for liability, under the ADA." Davoll v. Webb, 194 F.3d 1116, 1132 (10th Cir. 1999).

Defendant contends that plaintiff failed to identify any job which was vacant and for which she was qualified, emphasizing our requirement that to survive summary judgment the employee "must, at the time of the summary

judgment proceeding, specifically identify and show [that one or more appropriate vacant jobs] were available within the company." Appellee's Br. at 10, citing Midland Brake II , 180 F.3d at 1179. However, this presumes the preceding step in the process, i.e., that the employee requested an accommodation "by reassignment to a vacant position, which the employee may request the employer identify through the interactive process." Id. (emphasis added).

Defendant further argues that plaintiff should have requested her union representative to file a grievance contesting the failure to transfer her. We decline to consider this argument as it was not the basis of the district court's decision, nor does it obviate defendant's requirements under Midland Brake II . In this case, as in Midland Brake II , there is a genuine issue of material fact as to whether defendant adequately responded to plaintiff's request for reassignment. We express no opinion on whether, after proper application of the Midland Brake II factors, summary judgment will yet be appropriate. See id. at 1179-80.

REVERSED and REMANDED.

Entered for the Court


David M. Ebel
Circuit Judge

-6-